Dale R. Cockrell
Katherine A. Matic
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
145 Commons Loop, Suite 200
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile: (406) 756-6522
Email: dcockrell@mcgalaw.com
kmatic@mcgalaw.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| CRAIG DISHER AND SCOTT DISHER,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY dba STATE FARM or STATE FARM GROUP, and DOES I through X.<br><br>Defendants. | Cause No. CV-15-60-BU-SEH<br><br>**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF REMOVAL** |

Defendant State Farm Fire and Casualty Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), *et seq.*, hereby removes this action to this Court. The grounds for removal are as follows:

1. Plaintiff filed a Complaint against State Farm in the Montana Sixth Judicial District Court, Park County, Cause No. DV-15-117, in August, 2015. Defendant State Farm was served with the Summons and Complaint in accordance with §§ 33-1-601, 602, and 603, MCA, and the Montana State Auditor's service of process transmittal was dated September 9, 2015. Dated this 16th day of October, 2015.

2. A list of and copies of all process, pleadings and orders served or filed in this action are attached and filed herewith. *See* Exhibit A.

3. Defendant State Farm is informed, believes and alleges that Craig Disher and Scott Disher own property in Gallatin County, Montana, and are citizens of a state other than the State of Montana.

4. Defendant State Farm is not incorporated in the State of Montana and does not have its principal place of business in Montana. Thus, Defendant State Farm is not a citizen or resident of Montana under 28 U.S.C. § 1332(e)(1).

5. Defendant State Farm is a corporation incorporated in and has its principal place of business located in the State of Illinois. Therefore, pursuant to 28 U.S.C. §§ 1332(c) and 1441, Defendant State Farm is deemed to be a citizen of the State of Illinois.

6. Based upon the allegations in Plaintiff's Complaint, the amount in controversy in this case exceeds $75,000.

7.      In the Complaint, Plaintiffs seek a declaratory judgment as well as allege that Defendant State Farm violated statutory bad faith laws; breached its insurance contract; and that State Farm is liable for special and general damages, punitive damages, attorneys' fees, interests and costs. *See* Exhibit A, Complaint, ¶¶ 21, 24, and Prayer.

8.      Defendant State Farm can demonstrate, by a preponderance of the evidence, that the amount in controversy for the claims exceeds the jurisdictional minimum. *See, Singer v. State Farm Mutual Automobile Insurance Company*, 116 F.3d 373 (9th Cir. 1997); *Sanchez v. Monumental Life Insurance Company,* 102 F.3rd 398 (9th Cir. 1996); *Birkenbuel v. N.C.C. Construction Corporation,* 962 F. Supp. 1305 (D. Mont. 1997). Pursuant to established law, Defendant State Farm need not demonstrate the case value to a certainty. *Id.*

9.      Damages for alleged unfair claim practices are difficult to quantify and are typically left to the jury's discretion. *See, e.g., Cartwright v. Equitable Life Assurance Society of the U.S.,* 276 Mont. 1, 914, P.2d 976 (1996); *Dees v. Am. Nat'l Fire Ins. Co.,* 260 Mont. 431, 861 p.2d 141 (1993).

10.     Attached as Exhibit B to this Notice of Removal is a compilation of verdicts in Montana bad faith and unfair claims practices actions which indicate that juries can reach verdicts well in excess of the $75,000.00 jurisdictional minimum. In some of the cited cases, the punitive damage awards were as high as 40 to 144

3

times the compensatory awards, when the compensatory awards were less than $75,000.

11. In Montana case, *Cavin v. Unum Life Ins. Co. of America*, CV 01-28-M-DWM (D. Mont.), which involved similar claims for relief, U.S. District Court Judge Donald Molloy denied a motion to remand on the basis that plaintiff's claim for punitive damages in an unfair claims practices case satisfies the jurisdictional amount. *See* Exhibit C, March 3, 2001, *Cavin* Order attached hereto.

12. Although State Farm alleges and believes that Plaintiffs will seek compensatory damages in excess of $75,000.00, even if Plaintiffs' compensatory damages claim is not more than $75,000.00, State Farm alleges that the compensatory and punitive damages together "heighten the potential for a judgment in excess of jurisdictional limits." *See* Ex. C, *Cavin* Order, p. 2. On that basis alone, this case satisfies the amount in controversy requirement for diversity jurisdiction.

13. Moreover, the amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 908 (9th Cir. 2005). Plaintiffs allege a statutory basis, namely § 27-8-101, MCA, entitling them to recover attorneys' fees. In the case of *King v. GEICO Ins. Co.*, 2014 WL 1789460, by Order dated May 5, 2014, U.S. Magistrate Judge Richard Anderson awarded plaintiff's counsel $43,727.88 in attorney fees associated with plaintiff's prosecution of his declaratory judgment

4

action which sought damages similar to those sought in this action. Plaintiff's claim for attorney fees, based on § 27-8-101, MCA, further heightens the likelihood that the amount of damages in dispute exceeds jurisdictional limits. Ex. C, p. 2.

14. Plaintiffs can avoid removal by utilizing available procedural devices in stating that all of claims have a value of less than $75,000 in a Notice or Statement of Damages. *See* §§ 25-4-313 and 25-4-314, MCA; *Rollwitz v. Burlington Northern R.R.*, 507 F.Supp. 582, 588 (D. Mont. 1981) (". . . if the plaintiff is to reserve the option of avoiding the federal forum, he must take the initiative and inform the defendant of the amount being sought").

15. While Plaintiffs allege that John Does I through X are individuals or business entities who may be responsible for the damages alleged in the Complaint (Exhibit A, Complaint, ¶ 3), the citizenship of John Does I through X is disregarded for determining diversity jurisdiction. Accordingly, the consent of John Does I through X is not required to effectuate removal because the citizenship of defendants sued under fictitious names shall be disregarded for removal purposes. 28 U.S.C. § 1441(a). Moreover, John Does I through X are nominal parties who have not been served. A party not served need not be joined in the removal petition. *Salveson v. Western States Bankcard Association, et al.*, 731 F.2d 1423, 1429 (1984).

16. Removal of this case is permitted under 28 U.S.C. § 1441(a) because for purposes of removal, the citizenship of defendants sued under fictitious names

shall be disregarded, 28 U.S.C. § 1441(b), based upon complete diversity of citizenship (after the disregard of the fictitiously named plaintiffs), and the fact that the amount in controversy could exceed $75,000.00.

17. Pursuant to 28 U.S.C. § 1441(a), and Rule 1.2(c)(4) of the Rules of Procedure of the United States District Court for the District of Montana, the United States District Court of Montana, Butte Division, has jurisdiction and venue over this action because the Butte Division of this court embraces Gallatin County, Montana.

18. This action is a civil action which may be removed by State Farm to the United States District Court for the District of Montana, pursuant to 28 U.S.C. §§ 1332 and 1441. The United States District Court has original jurisdiction over this cause.

19. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed with the Court within thirty (30) days of the date of the Montana State Auditor's letter dated September 18, 2015.

20. Defendant State Farm consents to this removal.

21. Notice of filing of this Notice of Removal has been given to Plaintiffs by service of a copy of this Notice of Removal upon Plaintiffs' attorney as required by 28 U.S.C. § 1446(d).

22. Within seven (7) days of the filing of this Notice, State Farm will provide a copy of the Notice to the Clerk of District Court of the Montana Eighteenth Judicial District Court, as required by Local Rule 3.3(a) of the United States District Court for the District of Montana.

23. Under the provisions of 28 U.S.C. §§ 1332, 1441, 1446, and other applicable statutes, all of which State Farm has complied with, this cause is removable to the United States District Court, for the District of Montana, Butte Division.

WHEREFORE, Defendant State Farm gives notice that Cause No. DV-14-871 B, formerly pending in the Montana Eighteenth Judicial District Court, has been removed to the United States District Court for Montana.

Dated this 16th day of October, 2015.

    MOORE, COCKRELL,
    GOICOECHEA & JOHNSON, P.C.

    /s/ Dale R. Cockrell
    Dale R. Cockrell
    Katherine A. Matic
    145 Commons Loop, Suite 200
    P.O. Box 7370
    Kalispell, Montana 59904-0370
    Email: dcockrell@mcgalaw.com
           kmatic@mcgalaw.com

    *Attorneys for Defendant State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing document was served upon the following individuals by the means designated below:

[ X ] U.S. Mail  
[ ] Federal Express  
[ ] Hand-Delivery  
[ ] Facsimile  
[ ] E-Mail  

Daniel B. Bidegary  
Bert J. Certain  
BIDEGARY LAW FIRM, LLC  
2042 Stadium Drive, Suite 1  
Bozeman, MT  59715  
*Attorneys for Plaintiff*

Dated this 16th day of October, 2015.

/s/Lori Benedetto  
Lori Benedetto  
lbenedetto@mcgalaw.com