STATE OF MONTANA CLERK
OF DISTRICT COURT
JENNIFER BRANDON

2014 NOV 13 PM 3 26

FILED
BY _____
     DEPUTY

Daniel B. Bidegaray
Bert J. Certain
BIDEGARAY LAW FIRM, LLC
2042 Stadium Drive, Suite 1
Bozeman, MT 59715
Phone: (406) 522-7744
Fax: (406) 522-8244
Daniel@BidegarayLawFirm.com
*Attorneys for Plaintiff*

## MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
## GALLATIN COUNTY

| | |
|---|---|
| Craig Disher and Scott Disher, )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>State Farm Fire and Casualty Company, )<br>dba State Farm or State Farm Group, and )<br>DOES I through X )<br>)<br>Defendant. ) | Cause No. DV. 14-871 B<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1 Summons Issued |

Plaintiffs, through counsel, state:

### JURISDICTION & VENUE

1.  Plaintiffs, Craig Disher and Scott Disher (the Dishers) own property in Gallatin County, Montana.

2.  Defendant, State Farm Fire and Casualty Company, dba State Farm or State Farm Group, is a corporate entity licensed to do insurance business in Montana.

3. The true names or capacities, whether individual, corporate, associated, or otherwise, of Defendants, DOES I through X, inclusive, are unknown to Plaintiffs. Therefore Plaintiffs sue Defendants DOES I through X by using these fictitious names. Plaintiffs are informed and believe and on such information and belief, allege that if each of the Defendants sued as a DOE are legally responsible in some manner for the events and happenings referred to, Plaintiffs will ask leave of this Court to amend this Complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiffs.

## FACTUAL BACKGROUND

4. Defendant sold the Dishers an insurance policy to insure their property, a condominium at 712 Sunburst Drive, Big Sky, Montana.

5. The Dishers have owned this property for over ten years and have insured this property through State Farm. Throughout this time, they have never made an insurance claim with State Farm.

6. Like numerous other Big Sky property owners, the Dishers do not occupy this condo throughout the year.

7. Defendant's insurance policy covers water damage caused by freezing of plumbing.

8. The policy excludes coverage for frozen plumbing if the property owner did not use "reasonable care to maintain heat in the building".

9. The weather from December 3rd-9th 2013 was unseasonably cold. The lows ranged from 2 degrees below zero to 29 degrees below zero. The highs were near or below zero degrees.

10. The wind speeds ranged from 8 to 10 miles per hour during this period and 25 miles per hour on December 3rd.

11. The Dishers' property sustained frozen pipes during this cold snap.

12. On December 17, 2013, the property manager for the condominium association discovered that water was flooding throughout the Dishers' condo.

13. Several other properties in the Big Sky area likewise sustained frozen pipes and damage.

14. The Dishers have hired people to maintain the condo according to the Dishers' instructions in their absence for over ten years. The property manager also checks on the units.

15. The Dishers' instructions included keeping the heat in the unit set to 55 degrees when it was not occupied.

16. Defendant has denied this claim, taking the position that the Dishers did not reasonably maintain heat in the condo.

17. The Dishers reasonably maintained heat in the condo as they had done for over ten years they owned this unit and insured it through Defendant. During this timeframe, the Dishers never experienced frozen pipes.

18. The total cost of repairs for the Dishers' condo was $35,166.39.

19. Although this claim is covered, Defendant continues to delay and deny payment of insurance benefits that are owed to the Dishers.

20. It is believed Defendant has engaged in a pattern and practice of illicit and invalid claim handling rules, practices and/or policies to increase profits at the expense of legitimate claims made by deserving policyholders such as the Dishers.

21. Defendant's conduct violates statutory bad faith laws, or claims handling rules, practices and/or policies and is a breach of the insurance policy.

22. Because of the unreasonable denial of benefits, Defendants have withheld benefits owed, causing the Dishers' out-of-pocket expenses, loss of use of money, emotional distress, wasted time and other harms.

23. Defendant has acted with actual malice and/or actual fraud as defined by MCA § 27-1-221, making punitive damages appropriate to deter this type of conduct from occurring in this case and in others.

24. The Dishers also seek a declaratory ruling. A declaratory ruling is authorized by Montana's Declaratory Judgment Act, MCA § 27-8-101 et seq. The Dishers seek a declaration from this Court as to the parties' rights and obligations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of and from the Defendant for all damages allowed by law, costs of suit, and for all other relief to which Plaintiffs may be entitled, including but not limited to: Declaratory relief, all recoverable special and general damages, including but not limited to all economic and non-economic damages, punitive damages, and attorney's fees; all allowable interest; all recoverable costs; and such other relief as may be just and equitable.

DATED this 13 day of November, 2014.

BIDEGARAY LAW FIRM, LLC

_____
Daniel B. Bidegaray
BIDEGARAY LAW FIRM, LLC
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

DATED this 13 day of November, 2014.

BIDEGARAY LAW FIRM, LLC

_____
Daniel B. Bidegaray
BIDEGARAY LAW FIRM, LLC
*Attorneys for Plaintiff*